IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES WINDING                                                                                          PLAINTIFF

VS.                                                                              CIVIL ACTION NO. 4:12cv78-FKB

J. ANGLIN, et al.                                                                                    DEFENDANTS

<u>OPINION AND ORDER</u>

James Winding is a state prisoner incarcerated at East Mississippi Correctional Facility (EMCF).  He brought this action pursuant to § 1983 alleging that Mississippi Department of Corrections (MDOC) officials violated his rights by failing to protect him from an assault by another inmate on May 15, 2012.  A *Spears*[1] hearing has been held, and the parties have consented to jurisdiction by the undersigned.

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions.  42 U.S.C. § 1997(e).  The PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Defendants have filed a motion to dismiss because of Winding's failure to complete the Administrative Remedies Program process regarding this claim.

Winding previously filed a grievance concerning this incident.  However, he withdrew the grievance in connection with the settlement of his claims against officials at East Mississippi Correctional Facility (EMCF).  When he submitted a subsequent

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

grievance, MDOC officials apparently informed him that he was barred from doing so because of his withdrawal of his prior grievance.  Based upon the position of MDOC officials, Winding argued that he has in fact exhausted his administrative remedies because no further remedies are available to him.  However, at the *Spears* hearing, counsel for Defendants represented that Winding would be allowed to complete the ARP process regarding this claim.  Thus, because Winding now has a method of seeking administrative relief, his claim remains unexhausted.

Dismissal is appropriate where an inmate has failed to meet the exhaustion requirement.  *Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626, 630 (5th Cir. 2003).  For this reason, this action is dismissed without prejudice so that Plaintiff may be pursue his administrative remedies.  A separate judgment will be entered.

SO ORDERED this the 15th  day of January, 2013.

/s/ F. Keith Ball

_____
UNITED STATES MAGISTRATE JUDGE